UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Devon Buckpitt,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Sonic Car Wash Systems LLC,
d/b/a Solar Car Wash

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Devon Buckpitt and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Sonic Car Wash Systems LLC, d/b/a Solar Car Wash, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Devon Buckpitt is a resident of Merritt Island, Brevard County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Sonic Car Wash Systems LLC, d/b/a Solar Car Wash LLC (from now on Solar Car Wash, or Defendant) is a For-Profit Florida Corporation. Defendant has a place of business in Brevard County within this Honorable Court Jurisdiction. Defendant Solar Car Wash was and is engaged in interstate commerce.

4. Defendant Solar Car Wash was and is now the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Brevard County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Devon Buckpitt as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more

than forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being adequately compensated.

7. Defendant SOLAR CAR WASH is a full-service car wash company located at 2445 N Courtenay Pkwy, Merritt Island, Fl 32953, where Plaintiff worked.

8. The Employer, Solar Car Wash, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a car wash company that provides services to commercial and private clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State

lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant Solar Car Wash employed Plaintiff Devon Buckpitt as a non-exempted, full-time employee on or about January 13, 2022, and Defendant still employs her. However, for FLSA purposes, Plaintiff's relevant employment period is 48 weeks. (After December 17, 2022, Plaintiff's working hours were reduced to less than forty hours weekly).

11. Plaintiff worked under the supervision of the owner of the business and manager, Curtis M. Holmes.

12. During the relevant period, Plaintiff performed as a cashier, and she was paid a wage rate of $12.00 an hour, plus tips.

13. While Plaintiff was employed by Defendant, she had a regular schedule. Plaintiff worked five days per week, from Tuesday to Saturday, from 8:00 AM to 5:00 PM (9 hours daily), or 45 hours weekly.

14. Defendant paid Plaintiff for 2.5 overtime hours.

15. The remaining 2.5 hours were not paid at any rate. Plaintiff did not take bonafide lunch hours, but Defendant deducted from Plaintiff's wages 2.5 hours weekly. These unproperly deducted lunchtimes constitute 2.5 unpaid overtime hours weekly.

16. Plaintiff worked 45 hours weekly, but she was not paid for overtime hours as required by law.

17. Plaintiff clocked in and out, and Defendant was in absolute control of her schedule and activities. Defendant knew about the number of hours that Plaintiff and other similarly situated individuals were working.

18. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly, with paystubs providing inaccurate information about the number of hours worked.

20. Plaintiff disagreed with the lack of payment for overtime hours, and she complained multiple times to the owner of the business and supervisor.

21. Plaintiff Devon Buckpitt seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every car wash employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT

25. Plaintiff Devon Buckpitt re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. Defendant Solar Car Wash employed Plaintiff Devon Buckpitt as a non-exempted, full-time employee from approximately January 13, 2022, and she is still employed by Defendant. However, for FLSA purposes, Plaintiff's relevant employment period is 48 weeks. (After December 17, 2022, Plaintiff's working hours were reduced to less than forty hours weekly).

27. During the relevant period, Plaintiff performed as a cashier, and she was paid a wage rate of $12.00 an hour, plus tips.

Case 6:23-cv-00158-PGB-DAB   Document 1   Filed 01/30/23   Page 7 of 11 PageID 7

28. While Plaintiff was employed by Defendant, she had a regular schedule. Plaintiff worked five days per week, nine hours daily, or a total of 45 hours weekly. Plaintiff was not able to take lunch periods.

29. Defendant paid Plaintiff for 2.5 overtime hours.

30. The remaining 2.5 hours were not paid at any rate, not even at the minimum wage rate.

31. Plaintiff did not take bonafide lunch hours, but Defendant deducted from Plaintiff's wages 2.5 hours weekly. These unproperly deducted lunchtime hours constitute 2.5 unpaid overtime hours weekly.

32. Plaintiff worked 45 hours weekly, but she was not paid for overtime hours as required by law.

33. Plaintiff clocked in and out, and Defendant was in absolute control of her schedule and activities. Defendant knew about the number of hours that Plaintiff and other similarly situated individuals were working.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid weekly, with paystubs providing inaccurate information about the number of hours worked.

Page **7** of **11**

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Two Thousand One Hundred Sixty and 00/100 ($2,160.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 48 weeks
    Relevant weeks of employment: 48 weeks
    Number of days worked: 5 days weekly
    Total number of hours weekly: 45 hours

> Total number of unpaid O/T hours: 2.5 per week
> Regular rate: $12.00 x 1.5=$18.00 an hour
> O/T rate: $18.00 an hour
>
> $18.00 x 2.5 O/T hours=$45.00 weekly x 48 weeks=$2,160.00
>
> <u>Nature of wages (e.g., overtime or straight time):</u>
>
> This amount represents unpaid half-time overtime wages.[1]

40. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her rights to amend the calculations.

42. Defendant Solar Car Wash willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and she is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Devon Buckpitt and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Devon Buckpitt and other similarly situated individuals and against Defendant Solar Car Wash based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Devon Buckpitt actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Devon Buckpitt demands a trial by a jury of all issues triable as of right by a jury.

Date: January 30, 2023

        Respectfully submitted,

        By: __/s/ Zandro E. Palma____
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone:   (305) 446-1500
        Facsimile:    (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*